COMMONWEALTH *v.* BEN. F. GIBSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—309.]

**Conveyance to Defraud Creditors.**
    Where a voluntary conveyance is void and fraudulent as to pre-existing creditors such a conveyance is not fraudulent where the liability arose after the conveyance was made and the fact that the deed was not recorded until after the liability was created will not make such conveyance fraudulent.

**Notice of Unrecorded Deed.**

> One who buys land at an execution sale with notice that the execution debtor has conveyed the land secures nothing by such a purchase and the fact that such deed has not been recorded is immaterial, where he has notice or knowledge. ·

## APPEAL FROM HENDERSON CIRCUIT COURT.

### October 28, 1884.

OPINION BY JUDGE PRYOR:

There is no allegation of fraud in this case and no statement of facts conducing to establish fraud. A voluntary conveyance may be and is void and fraudulent as to pre-existing creditors, but in this case the liability was created after the voluntary conveyance was made. The father had given to the son by parol the tract of land sought to be subjected and placed him in possession. A deed was properly executed and delivered in the year 1877, but not recorded until the year 1879. In 1878 the liability was created and therefore the fact that the conveyance would have been fraudulent or void as to liabilities existing prior to 1877, the time the deed was delivered does not make it void as to subsequent debts, nor does the failure to record the deed as between the attaching creditor and the grantees affect the equitable rights of either. No sale had been made of the property under the attachment and when attempting to make sale of it the children of the grantee, who were infants and entitled to the remainder and also to a support during the life of the father, claiming not only an equity but that they were invested with the legal title as against the creditor made the defense. If the deed had not been recorded the levy of the attachment would not have prevailed as against the children because they held the oldest equity. It does not allege that James Gibson was insolvent or had no other estate out of which this debt could have been made in the county of his residence. In fact it does not appear that he resided in Henderson County. Nor do we adjudge that the insolvency of the vendor would be sufficient to invalidate the deed as to subsequent creditors. In *Morton v. Robards*, 4 Dana, 258, the party held an unrecorded deed to land and was in the possession as in this case by himself and tenants. The appellant purchased under execution against him but was notified of the existence of the deed before he purchased, and

this court adjudged that the execution purchaser got nothing. In *Righter, &c. v. Forrester, &c.,* 1 Bush 278, the same doctrine was announced and the purchaser with notice was adjudged to hold subject to the mortgage. The doctrine is that a junior equity coupled with the legal title without notice will prevail over the senior equity, but in a contest between equities the senior equity has the preference. In this case the deed was of record before any judgment was obtained and we see no reason for setting it aside unless fraud has been alleged and established. It is neither alleged nor established by the facts of this record.

Judgment *affirmed.*

*A. T. Dudley, Montgomery Merritt,* for appellant.

*S. B. & R. D. Vance,* for appellee.